## SAATHOFF v. SAATHOFF et al.
### No. 11226.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 6, 1943.

C. L. Patterson, of Bandera, and William C. Davis and William E. Remy, both of San Antonio, for appellant.

M. A. Childers, of San Antonio, and J. A. Eames, of Bandera, for appellees.

NORVELL, Justice.

This is an action of trespass to try title. Trial was to the court without a jury. We presume that all findings having support in the evidence were made in favor of the judgment, as no express findings of fact or conclusions of law appear in the record.

The judgment appealed from awarded to the plaintiff H. G. Saathoff a life estate in and to five tracts of land situated in Bandera County, Texas.

Subject to the life estate awarded plaintiff, the defendant, Sidney Saathoff, recovered judgment for two of the tracts involved.

The intervener, Harvey Saathoff, subject to H. G. Saathoff's life estate, also recovered judgment for the remaining three tracts of land involved.

Sidney Saathoff has appealed. His ten points in effect attack the sufficiency of the evidence (particularly the documentary evidence) to support the judgment.

We are of the opinion that the trial court's judgment must be affirmed. Giving effect to the implied findings of the court below, we make the following statement:

The five tracts of land here involved were the community property of H. G. Saathoff and his wife, Magdalena Saathoff. Magdalena Saathoff died on March 7, 1939, leaving a written will whereby she devised her community interest in the property involved to her son, Sidney Saathoff, charged with the express burden that the devisee

care for and support his invalid brother, Harvey Saathoff.

Prior to the probate of this will a family conference was held, which resulted in an agreement that H. G. Saathoff, the father, should have an estate for life in the land; that Sidney Saathoff should have the remainder in two tracts, and Harvey Saathoff a remainder in three tracts. Written instruments were drawn up by a lawyer to carry the agreement in effect. At this time it was contemplated that all of the heirs at law of Magdalena Saathoff would sign the instruments and that a probate of her will would be unnecessary. These instruments were three in number. The first was a deed in which the following were named as grantors: H. G. Saathoff, Harvey Saathoff, Clinton Saathoff, Eugene Saathoff, Delia Blackwell, nee Saathoff, and her husband, Will Blackwell. This deed conveyed two tracts of land to Sidney Saathoff, subject to the following provision: "Save and except, however, that said grantor, H. G. Saathoff, herein expressly reserves, and it is hereby expressly agreed and understood, that he shall have, for himself and his assigns, the full possession, use and benefit of the above described lands and premises, as well as the rents, revenues and profits thereof, for and during his natural life."

The second deed was similar in form and the same persons were named as grantors as in the first deed, except that Sidney Saathoff was substituted for Harvey Saathoff as a grantor, and said Harvey Saathoff was designated as grantee and the three tracts of land conveyed to him. This deed contained a provision relating to the life estate of H. G. Saathoff which was identical with that contained in the first deed.

The third instrument read as follows: "Know all men by these presents, that we, Delia Blackwell, joined herein pro forma by her husband, Will Blackwell, Eugene Saathoff and children of Henry G. Saathoff and Magdaline Saathoff, who together with our father Henry G. Saathoff, Sidney Saathoff and Harvey Saathoff, constitute the sole surviving heirs at law of the said Magdaline Saathoff, deceased, do hereby relinquish, release and quitclaim all the right, title and interest, if any we have, in and to the estate of the said Magdaline Saathoff, deceased, consisting of real and personal property, the community estate of our father, Henry G. Saathoff, and mother,

Magdalina Saathoff, and we do hereby ratify and confirm the disposition made of same by the said Henry G. Saathoff, by deed or will of even date herewith."

Clinton Saathoff refused to sign these three instruments, whereupon the remaining members of the family agreed that his name should be stricken therefrom and the written instruments executed by the other members of the family in accordance with their agreement. This was done, and the instruments duly recorded in Bandera County. The will of Magdalena Saathoff was then probated so as to show that Clinton Saathoff had no interest in the tracts of land mentioned in the deeds above referred to. The will recited that the testatrix and her husband, H. G. Saathoff, had theretofore conveyed land to Clinton Saathoff, "which was estimated to be about the share 'he' would be entitled to * * *."

The trial court's judgment gave effect to the agreement and the written instruments executed in connection therewith.

Sidney Saathoff in the trial court did not pray for a rescission of the agreement nor the deeds hereinabove referred to. The only contention he pleaded in addition to the general plea of not guilty was that "said deeds failed of their intended purpose by reason of the failure of Clinton Saathoff to sign the deeds." (As above pointed out, the evidence supports a finding that the other members of the family, including Sidney Saathoff, agreed to go ahead with the agreement after Clinton Saathoff refused to sign the deeds.)

■ The judgment in favor of Harvey Saathoff is therefore supported by a deed executed by both H. G. Saathoff and Sidney Saathoff, who, with the grantee Harvey Saathoff, were the only persons having an interest in the property. The trial court's action in giving effect to this deed was clearly correct.

■ As between H. G. Saathoff and Sidney Saathoff, we do not believe the latter is in a position to contend that his father does not have a life estate in the lands involved. The two deeds were both executed by H. G. Saathoff, and both purported to retain a life estate. Sidney Saathoff was a party grantor in one of them and the grantee named in the other. The third instrument—the release, hereinabove set out—provides that "we do hereby ratify and confirm the disposition

made of the same (the community interest of Magdalena Saathoff) by the said Henry G. (H. G.) Saathoff by deed or will of even date herewith," and is considered binding upon Sidney Saathoff. It must be construed as having reference to .the deéd or deeds wherein H. G. Saathoff reserved a life estate. This instrument was signed and acknowledged by Sidney Saathoff and its purpose seems clear. Further, the agreement between Sidney Saathoff is not executory but has been fully executed and carried out. The deeds were filed for record on May 22, 1939, and it appears that H. G. Saathoff lived on the premises some time after these deeds were recorded, "about a year, it must have been a year, five or six months something like that," according to his testimony. The agreement was in the nature of a partition between H. G. Saathoff and Sidney Saathoff. The trial court properly gave effect to this agreement by its judgment. 32 Tex.Jur. 151, § 6.

The judgment is affirmed.